UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>DANIEL PARAMO,<br><br>　　　　　　Respondent. | Case No.: 17-cv-0354-WQH-MDD<br><br>**ORDER** |

HAYES, Judge:

　　On February 21, 2017, Petitioner Raul Arellano, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF. No. 1). On October 26, 2018, this Court entered an Amended Judgment in this matter, granting the Motion to Dismiss the First Amended Petition and certifying for appeal grounds one and two. (ECF No. 84). Petitioner appealed, and the Ninth Circuit Court of Appeals dismissed Petitioner's appeal for untimely filing and lack of jurisdiction on June 27, 2019. (ECF No. 98).

　　On August 12, 2019, this Court issued an Order, denying Petitioner's request that this Court "restart" the time to file an appeal and denying Petitioner's second request for a copy of ECF No. 80. (ECF No 103). On September 17, 2019, this Court issued an Order denying Petitioner's Motion to Amend and denying Petitioner's Motion to Appoint Counsel. (ECF No. 108). On September 30, 2019, this Court issued an Order denying

Petitioner's Motion to Reopen Case pursuant to Rule 60(b).  (ECF No. 114).  This Court found that "Petitioner ha[d] not presented sufficient evidence to support a claim that mistake, inadvertence, surprise, or excusable neglect occurred in this case or any other reason that justifies relief." *Id*. at 3.

On October 7, 2019, this Court issued an Order denying Petitioner's Rule 60(b)(4) Motion and denying Petitioner's Motion for the Court to Remove De Novo a Double Jeopardy Claim.  (ECF No. 117).  On October 31, 2019, this Court issued an Order denying a Certificate of Appealability as to this Court's September 17, 2019 Order denying Petitioner's Motion to Amend and denying Petitioner's Motion to Appoint Counsel.  (ECF No. 129).  On November 1, 2019, this Court issued a minute entry denying Petitioner's Motion to Open the Case, Motion for Court to Rehear, Motion for Reconsideration, and Motion for a Rule 60(b) Hearing.  (ECF No. 131).  On December 4, 2019, this Court issued an Order denying Certificates of Appealability as to this Court's October 7, 2019 Order denying Petitioner's Rule 60(b)(4) Motion and denying Petitioner's Motion for the Court to Remove De Novo a Double Jeopardy Claim and as to this Court's November 1, 2019 minute entry denying Petitioner's Motion to Open the Case, Motion for Court to Rehear, Motion for Reconsideration, and Motion for a Rule 60(b) Hearing.  (ECF No. 142).

On December 16, 2019, this Court issued a minute entry denying Petitioner's Motions for Reconsideration.  (ECF No. 145).  On February 3, 2020, this Court issued a minute entry denying Petitioner's Motion for Copies and Motion to be Sent a Copy of ECF No. 144.  (ECF No. 151).  On March 30, 2020, this Court issued a minute entry denying Petitioner's Motion for Rehearing and Motion to be Sent a Copy.  (ECF No. 162).  On May 20, 2020, this Court issued a minute entry denying Petitioner's Motion for Copies and Motion-Court Failed to Hear Motion.  (ECF No. 169).  On July 24, 2020, this Court issued a minute entry denying Petitioner's 60(b) Motion and Motion: to be Sent Summary Docket from This Past 3 Months.  (ECF No. 174).

On August 27, 2020, Petitioner filed a Notice of Appeal as to this Court's July 24, 2020 minute entry denying Petitioner's 60(b) Motion and Motion: to be Sent Summary

Docket from This Past 3 Months. (ECF No. 175). On September 2, 2020, the Court of Appeals issued an order stating that

> The district court has not issued or declined to issue a certificate of appealability in this appeal, which appears to arise from the denial of petitioner's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). *See Lynch v. Blodgett*, 999 F.2d 401, 403 (9th Cir. 1993) (certificate of probable cause to appeal necessary to appeal denial of post-judgment motion for relief under Rule 60(b)). Accordingly, this case is remanded to the district court for the limited purpose of granting or denying a certificate of appealability at the court's earliest convenience. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).
>
> If the district court issues a certificate of appealability, the court should specify which issue or issues meet the required showing. *See* 28 U.S.C. § 2253(c)(3); *Asrar*, 116 F.3d at 1270. Under *Asrar*, if the district court declines to issue a certificate, the court should state its reasons why a certificate of appealability should not be granted, and the Clerk of the district court shall forward to this court the record with the order denying the certificate. *See Asrar*, 116 F.3d at 1270.

(ECF No. 177 at 1-2).

Rule 11 of the Rules Following 28 U.S.C. § 2254 requires district courts to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254. A certificate of appealability will issue when the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253; *Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir. 2005). A "substantial showing" requires a demonstration that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Beaty v. Stewart*, 303 F.3d 975, 984 (9th Cir. 2002) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

This Court concludes that Petitioner has not made the required showing. Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253; *Pham*, 400 F.3d at 742. Petitioner has not presented sufficient evidence to support a claim that "mistake, inadvertence, surprise, or excusable neglect" occurred in this case or

"any other reason that justifies relief." Fed. R. Civ. P. 60(b). The requirement of timely notice of appeal is jurisdictional. *See United States v. Sadler*, 480 F.3d 932, 937 (9th Cir. 2007). The Certificate of Appealability as to ECF No. 174 is DENIED.

Dated: October 8, 2020

Hon. William Q. Hayes
United States District Court