UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO,<br><br>　　　　　　　　Petitioner,<br>v.<br>DANIEL PARAMO,<br><br>　　　　　　　　Respondent. | Case No.: 17-cv-0354-WQH-MDD<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are the Motions for Court to Address 60(b) Motion (ECF Nos. 198, 200) and Letter (ECF No. 193) filed by Petitioner Raul Arellano.

## I. BACKGROUND

On February 21, 2017, Petitioner Raul Arellano filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court, attacking his state court convictions, sentence, and restitution order. (ECF No. 1). On December 13, 2017, Petitioner filed an Amended Petition. (ECF No. 32). On December 27, 2017, Respondent Daniel Paramo filed a Motion to Dismiss the Amended Petition. (ECF No. 33). On July 20, 2018, the Court issued an Order granting the Motion to Dismiss the Amended Petition on the basis that the Petition was untimely because it was filed outside the applicable statute of limitations period prescribed by 28 U.S.C. §2244(d)(1). (ECF No. 65).

On August 24, 2018, Petitioner filed a Motion for Reconsideration of the Court's Order dismissing the Amended Petition. (ECF No. 75). On August 28, 2018, the Court denied the Motion for Reconsideration as to the dismissal and granted Petitioner a Certificate of Appealability. (ECF No. 77). On August 29, 2018, the Clerk of the Court entered Judgment in the case. (ECF No. 78).

On November 30, 2018, Petitioner filed a Notice of Appeal. (ECF No. 91). On December 6, 2018, the Court of Appeals issued an Order stating, among other things, that the Notice of Appeal had not been filed within thirty days after the entry of Judgment and allowing Petitioner to show cause why the appeal should not be dismissed for lack of jurisdiction. (ECF No. 94). On June 27, 2019, the Court of Appeals issued an Order dismissing the appeal for lack of jurisdiction. (ECF No. 98).

On July 16, 2019, Petitioner filed a motion requesting that the Court "restart" the time to file an appeal. (ECF No. 100). On August 12, 2019, the Court issued an Order denying this request. (ECF No. 103). From August 2019 to the present, Petitioner has filed numerous motions challenging the Court's 2018 Order dismissing the Amended Petition and the Court's successive denials of Petitioner's motions and related requests, (*See* ECF Nos. 102, 111, 113, 116, 119, 121, 125, 127, 136, 138, 144, 156, 168, 171, 184, 189), all of which have been denied, (*See* ECF Nos. 108, 114, 117, 131, 145, 162, 169, 174, 186, 191). Petitioner has also filed several appeals, all of which have been denied by the Court of Appeals. (*See* ECF Nos. 159-61, 190).

On October 28, 2021, Petitioner filed a Motion for Court to Address 60(b) Motion (the "First Motion"). (ECF No. 198). On November 1, 2021, Petitioner filed another Motion for Court to Address 60(b) Motion (the "Second Motion"). (ECF No. 200). The First Motion requests that the Court construe the Letter sent to the Court by Petitioner on July 21, 2021 (ECF No. 193) as a motion brought pursuant to Fed. R. Civ. P. 60(b)(6). The First Motion also requests a copy of the Letter. The Second Motion requests that the Court "address [the motion docketed at] ECF 184 under Fed. R. Civ. Proc 60(b)6 and not as motion for 'reconsideration.'" (ECF No. 200 at 1).

## II. DISCUSSION

Rule 60(b) allows a trial court to grant relief from judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.  *See* Fed. R. Civ. P. 60(b); *see also In re Sasson*, 424 F.3d 864, 875-76 (9th Cir. 2005).  Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances."  *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).

Courts "use Rule 60(b)(6) sparingly as an equitable remedy to prevent manifest injustice.  To receive relief under Rule 60(b)(6), a party must demonstrate extraordinary circumstances which prevented or rendered him unable to prosecute his case." *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (quotations omitted). A party "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion."  *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006).

Petitioner's First Motion requests that the Court construe the Letter docketed at ECF No. 193 as a motion brought pursuant to Fed. R. Civ. P. 60(b)(6).  The Letter contends that the Court's July 2018 Order dismissing the Amended Petition is erroneous with respect to Petitioner's double jeopardy claim.  The Letter contends that if Petitioner's attorney had properly raised a double jeopardy argument in the underlying state criminal proceedings, the charges for which Petitioner was ultimately convicted would have been dismissed.  The Letter contends that these circumstances fall within the "miscarriage of justice exception" to the one-year statute of limitations contained in 28 U.S.C. §2244(d)(1) for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court grants Petitioner's request to construe the Letter as a motion brought pursuant to Rule 60(b)(6).[1] More than three years have passed since the entry of Judgment in this case. *See* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time . . . ."). Petitioner's Letter raises arguments that were previously raised and rejected by the Court. *See* ECF No. 174 (denying motion that raised argument that Petitioner's double jeopardy claim falls within the miscarriage of justice exception). For these reasons, Petitioner's Letter, construed as a motion brought pursuant to Rule 60(b)(6), is denied.

The arguments in Petitioner's Letter also fail on their merits. Petitioner is correct that the miscarriage of justice exception provides that "actual innocence, if proved," allows the consideration of habeas petitions that fall outside the one-year statute of limitations contained in 28 U.S.C. §2244(d)(1). *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). However, actual innocence requires a petitioner to establish "factual innocence, not mere legal insufficiency." *Bousley v. U.S.*, 523 U.S. 614, 623 (1998). Petitioner's double jeopardy argument challenges the *legal* rather than *factual* basis of his conviction. Petitioner fails to establish actual innocence.

Petitioner's Second Motion requests that the Court construe the "Motion for Reconsideration" docketed at ECF No. 184 as a Rule 60(b) motion. Petitioner contends that "a motion under 60(b) is analyzed different than motion for reconsideration." (ECF No. 200 at 1). However, in this context, a "motion for reconsideration" is synonymous with a motion filed pursuant to Rule 60(b). *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 (5th Cir. 1998) ("The Federal Rules of Civil Procedure do not provide for a 'Motion for Reconsideration' but such motions may properly be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment . . . . Motions which are 'untimely under Rule 59 must be treated as motions

---

[1] Petitioner's request for a copy of the Letter is denied.

under Fed. R. Civ. P. 60(b) for purposes of Rule 4(a)(4).'" (quoting *Brown v. United Ins. Co. of Am.*, 807 F.2d 1239, 1242 (5th Cir. 1987))). Petitioner's second motion is denied as moot because the Court has already addressed the motion docketed at No. 184 as a motion brought pursuant to Rule 60(b). *See* ECF No. 186 ("IT IS HEREBY ORDERED that the Motion for Reconsideration (ECF No. 184) is DENIED.").

### III.   CONCLUSION

IT IS HEREBY ORDERED that the Motion for Court to Address 60(b) Motion (ECF No. 198) is granted in part and denied in part. The Court grants Petitioner's request to construe the Letter filed on July 21, 2021 (ECF No. 193) as a motion brought pursuant to Fed. R. Civ. P. 60(b)(6). The Motion is otherwise denied.

IT IS FURTHER ORDERED that the Letter (ECF No. 193), construed as a motion brought pursuant to Fed. R. Civ. P. 60(b)(6), is denied.

IT IS FURTHER ORDERED that the Motion for Court to Address 60(b) Motion (ECF No. 200) is denied as moot.

IT IS FURTHER ORDERED that a certificate of appealability of this Order is denied.

Dated:  November 30, 2021

Hon. William Q. Hayes
United States District Court